# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CALIFORNIA PUBLIC EMPLOYEES' )
RETIREMENT SYSTEM, et al, )
                                       Plaintiffs, )
)
                                  v. ) 02: 08-cv-1414
)
WACHOVIA CAPITAL MARKETS, LLC, )
d/b/a WACHOVIA SECURITIES; )
ERNST & YOUNG LLP; and )
BDO SEIDMAN, LLP, )
)
                                  Defendants. )

## MEMORANDUM OPINION AND ORDER

February 18, 2009

Presently pending before the Court for disposition is the MOTION FOR REMAND, with brief in support, filed by Plaintiffs (Document Nos. 64 and 65), the RESPONSE in opposition filed by Defendant Ernst & Young, LLP (Document No. 102); and the REPLY BRIEF filed by Plaintiffs (Document No. 109). For the reasons that follow, the motion will be granted and this matter will be remanded to the Superior Court of the State of California, County of Los Angeles.

## Background

1.    *The Parties*

Plaintiffs are seventy-four (74) pension and other investment funds, which are former holders of 9% Senior Subordinated Notes issued by the now bankrupt Le-Nature's Inc. Plaintiffs contend that Le-Nature's fraudulently overstated its revenues and that Defendants joined Le-Nature's in committing that fraud by issuing "clean" audit opinions that allegedly

misstated financial statements and by misrepresenting the value of Le-Nature's. Plaintiffs allege that they lost over $70 million on their Notes when Le-Nature's fraud was disclosed.

Wachovia Capital Markets LLC d/b/a Wachovia Securities ("Wachovia") was the principal investment banker and financial adviser to Le-Nature's. It arranged, promoted and performed other services in connection with multiple credit facilities and securities issuances for Le-Nature's. Wachovia arranged, promoted, and underwrote the Note Offering specifically at issue in this lawsuit.

Ernst & Young LLP ("E&Y") was the outside accountant and auditor to Le-Nature's for the year 2002 and was retained to re-audit Le-Nature's financial statements for the years 2000 and 2001. Accordingly, E&Y issued an audit report with respect to the financial statements for Le-Nature's for the years ended December 31, 2000, 2001, and 2002.

BDO Seidman, LLP ("BDO") was the outside accountant and auditor for Le-Nature's for the years 2003 through 2006, and issued audit reports with respect to the financial statements of Le- Nature's for the years ended December 31, 2003, 2004, and 2005.


2.  *Le-Nature's, Inc.*

While not a party to this litigation, Le-Nature's is a very relevant non-party. Le-Nature's was in the business of manufacturing, bottling, and distributing an array of non-carbonated beverages. On November 1, 2006, four (4) creditors of Le-Nature's initiated involuntary Chapter 7 bankruptcy proceedings against Le-Nature's, and its wholly owned subsidiaries, Le-Nature's Holdings, Inc., and Tea Systems International, LLC, in the Bankruptcy Court for the United States District Court for the Western District of Pennsylvania.

On November 3, 2006, Le-Nature's and its subsidiaries consented to the filing and elected to convert the case to Chapter 11. On November 7, 2006, the Bankruptcy Court entered an Order designating the bankruptcy case as a Complex Chapter 11 case. *See* Docket, In re Le-Nature's, Inc., Case No. 06-25454-MBM.

Thereafter, the Chapter 11 trustee commenced an investigation of the company's actual revenues for the years 2002 through 2005 and determined that Le-Nature's had overstated its revenues by well over $100 million each year and by over $200 million in 2005.

On June 18, 2007, the creditors of Le-Nature's submitted a joint proposed reorganization plan (the "Plan") that would, among other things, appoint a "Liquidation Trustee" charged with the principal function to investigate and prosecute estate causes of action and to make distributions to the creditors of the estate. On July 8, 2008, the Bankruptcy Court approved the Plan.

3. *Procedural History*

Plaintiffs commenced the instant action on April 28, 2008, by the filing of an eleven-count Complaint in the Superior Court of the State of California, County of Los Angeles. Named as defendants were Wachovia, E&Y, and BDO. The claims asserted are private claims possessed by Plaintiffs themselves, are based entirely on California state law, and are brought directly against the three named Defendants. The Complaint asserts multiple state law claims for (i) fraud, (ii) aiding and abetting fraud; (iii) negligent misrepresentation; (iv) fraudulent inducement; and (v) fraudulent failure to correct.

On May 28, 2008, E&Y removed the action to the United States District Court for the Central District of California on the basis of 28 U.S.C. § 1334(b), which permits federal courts to hear proceedings "related to" bankruptcy cases.[1]

On June 20, 2008, E&Y filed a motion to transfer the case to the Western District of Pennsylvania. On that same day, Plaintiffs filed a motion to remand the case back to the California Superior Court.

On October 8, 2008, the District Court in California denied the motion to remand and granted the motion to transfer the action to the Western District of Pennsylvania. The district court found that the California state action is "related to" the Le-Nature's bankruptcy.

On October 14, 2008, Plaintiffs filed the instant Motion to Remand, in which they argue that this Court lacks subject matter jurisdiction over the action because the lawsuit is "not related" to the Le-Nature's bankruptcy or, in the alternative, that the requirements for mandatory abstention under 28 U.S.C. § 1132(c)(2), are satisfied and, therefore, this Court must abstain from exercising "related to" jurisdiction.

**Discussion**

A.	*"Related To" Jurisdiction*

Judge George P. Schiavelli, United States District Judge for the Central District of California, found that E&Y had carried its burden of showing "related-to" jurisdiction. This Court agrees.

---

[1] While the other defendants did not join in the removal, unanimity does not appear to be required under section 28 U.S.C. § 1452, which permits removal by "a party" rather than by "defendant or defendants" as required under 28 U.S.C. § 1441.

"Related to" jurisdiction turns on "whether the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy," or, whether "the outcome could alter the debtor's rights, liabilities, options or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Pacor, Inc. v. Higgins,* 743 F.3d 984, 994 (3d Cir. 1984).

Twenty-one (21) of the Plaintiffs in this action have filed claims in the Le-Nature's bankruptcy proceeding to recover on the same Notes seeking, *inter alia,* any and all losses for breach of contract, fraud, fraudulent indictment, fraudulent misrepresentation, and negligent misrepresentation. Thus, if the Plaintiffs in this lawsuit recover, in whole or in part, for the losses on the Notes, that recovery would necessarily reduce or eliminate Le-Nature's liabilities on the claims the twenty-one (21) plaintiffs filed in the bankruptcy proceedings. *See Dobbins v. Crain Bros.*, 567 F.2d 559, 566 (3d Cir. 1977) (plaintiff cannot "recover twice for the same injury").

Accordingly, this Court finds, in consonance with Judge Schiavelli, that the instant lawsuit is clearly "related to" the Le-Nature's bankruptcy proceeding.

B. *Mandatory Abstention*

Title 28, United States Code, section 1334(c)(2), provides as follows:

Upon **timely motion** of a party in a proceeding based upon a State law claim or State law cause of action, **related to** a case under title 11 but not **arising under** title 11 or **arising in** a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court **shall abstain**

5

from hearing such proceeding if an action is **commenced**, and can be **timely adjudicated**, in a State forum of **appropriate jurisdiction.**

(emphasis added).

In *Stoe v. Flaherty,* 436 F.3d 209 (3d Cir. 2006), the United States Court of Appeals for the Third Circuit examined § 1334(c)(2) and instructed that upon a timely motion, a district court "must" abstain if the following requirements are met:

(1) the proceeding is based on a state law claim or cause of action;

(2) the claim or cause of action is "related to" a case under title 11, but does not "arise under" title 11 and does not "arise in" a case under title 11;

(3) federal courts would not have jurisdiction over the claim but for its relation to a bankruptcy case;

(4) an action "is commenced" in a state forum of appropriate jurisdiction; and

(5) the action can be "timely adjudicated" in a state forum of appropriate jurisdiction.

*Id.* at 213. The Court will consider these requirements seriatim.[2]

1. *Upon Timely of Motion*

E&Y argues that mandatory abstention is not applicable because the instant motion was not timely as it was filed "four months after removal, three months after the parties fully briefed plaintiffs' motion to remand, and after a federal court denied the motion." *See* E&Y Br. at 20, n.8. This argument can be rejected summarily.

---

[2] The Court notes that E&Y addressed only the issue of timeliness in opposing the motion and the issue of whether the action could be timely adjudicated in state court. It did not address the remaining *Stoe* factors, but rather spent considerable time on the argument that "practical considerations" should preclude this Court from remanding the case.

Plaintiffs filed the instant motion only <u>six days</u> after the case was transferred to the Western District of Pennsylvania. Mandatory abstention was not an issue before the court in the Central District of California because the United States Court of Appeals for the Ninth Circuit has held that mandatory abstention is not applicable to actions removed from state court. *See Schulman v. California (In re Lazar),* 237 F.3d 967, 981-82 (9th Cir. 2001). The Court of Appeals for the Third Circuit, by contrast, has held that § 1334(c)(2) applies to removed actions. *See In re Exide Techs.,* 544 F.3d 196, 218, n.14 (3d Cir. 2008); *Stoe v. Flaherty*, 436 F.3d 209, 216 (3d Cir. 2006) ("the mandatory abstention provision of 28 U.S.C. § 1334(c)(2) applies, by its terms, to removed cases.")

The Court finds that the instant motion was timely filed.

2. *Proceeding Based on State Law*

It is not contested that the Complaint filed by Plaintiffs exclusively asserts California state law claims for (i) fraud, (ii) aiding and abetting fraud; (iii) negligent misrepresentation; (iv) fraudulent inducement; and (v) fraudulent failure to correct. This element is clearly satisfied.

3. *"Related to," But Not "Arising Under," or "Arising in"*

As explained in *Stoe,* bankruptcy jurisdiction extends to four types of title 11 matters: (i) proceedings "related to" a case under title 11; (ii) cases "arising under" title 11; (iii) proceedings "arising under" title 11; and (iv) proceedings "arising in" a case under title 11. *Id.*

7

at 216. Plaintiffs contend that this case is not "related to" the bankruptcy proceeding; while E&Y strenuously argues that the case is clearly "related to" the bankruptcy proceeding.

Both this Court and Judge Schiavelli have held that the Complaint asserts claims that could "conceivably affect" the bankruptcy estate. Accordingly, this case clearly is "related to" a case under title 11. However, that determination does not end the § 1332(c)(2) analysis. The Court must next verify that although the case is "related to" a case under title 11, the case does not "arise under" title 11 and/or does not "arise in" a case under title 11.

The category of cases and proceedings which "arise under" title 11 is limited to the bankruptcy petition itself.[3] Clearly, this case does not fall within that category.

In *Stoe,* our Court of Appeals explained that a case "arising in" a case under title 11 "includes such things as administrative matters, orders to turn over property of the estate and determinations of the validity, extent, or priority of liens." *Id*. at 216. "Proceedings 'arise in' a bankruptcy case, if they have no existence outside of the bankruptcy." *Id.* Stated by the appellate court another way: "[C]laims that 'arise in' a bankruptcy case are claims that by their nature, not their particular factual circumstance, could only arise in the context of a bankruptcy case." *Id.* at 218.

Plaintiffs' claims for fraud, aiding and abetting fraud, negligent misrepresentation, fraudulent inducement, and fraudulent failure to correct, certainly can and do

---

[3] Thus, this is not a case over which the federal courts have exclusive jurisdiction pursuant to 28 U.S.C. § 1334(a).

exist outside of the bankruptcy context. Accordingly, pursuant to *Stoe,* the Complaint is not one "arising in" a case under title 11.

For these reasons, the Court finds that this element is satisfied.

4.  *Jurisdiction "But For" Bankruptcy*

It is not disputed that this Court would not be able to exercise jurisdiction over the Complaint in the absence of Le-Nature's bankruptcy. Accordingly, the Court finds that this element is satisfied.

5.  *Action Commenced in State Court of Appropriate Jurisdiction*

It is not disputed that an action was "commenced" in a state court with appropriate jurisdiction. The original state court complaint was removed to federal court. *Stoe* clarified that § 1334(c)(2) applies equally to removed cases. Accordingly, the Court finds that this element is satisfied.

6.  *Timely Adjudication*

In *Stoe,* our appellate court stated that timeliness must be determined "with respect to the needs of the title 11 case and not solely by reference to the relative alacrity with which the state and federal court can be expected to proceed." *Stoe,* 436 F.3d at 219-20. As the Court of Appeals has explained, "The question is "not whether the action would be more quickly adjudicated in [federal court] than in state court, but rather, whether the action can be timely adjudicated in the state court." *In re Exide Techs.,* 544 F.3d at 218, n.14.

There is no evidence of a backlog on the docket / calendar of the California Superior Court. In fact, California's "Fast Track" program sets a goal of two years maximum for a civil case such as this to proceed to trial. As to the bankruptcy proceeding, the final Reorganization Plan was approved by the Bankruptcy Court on July 8, 2008. Accordingly, a remand of the instant case to the California state court will have no impact on the bankruptcy proceeding.

In sum, the Court concludes that the "timely adjudication" factor is satisfied.

## Conclusion

Accordingly, the Court finds and rules that all of the requirements for mandatory abstention under 28 U.S.C. § 1334(c)(2) have been met. Therefore, the Motion to Remand will be granted and this case will be remanded to the Superior Court of the State of California, County of Los Angeles.

An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CALIFORNIA PUBLIC EMPLOYEES' RETIREMENT SYSTEM, et al, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 02: 08-cv-1414 |
| WACHOVIA CAPITAL MARKETS, LLC, d/b/a WACHOVIA SECURITIES; ERNST & YOUNG LLP; and BDO SEIDMAN, LLP, | ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER OF COURT

AND NOW, this 18th day of February, 2009, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED AND DECREED** that the Motion to Remand filed by Plaintiffs is **GRANTED** and this case is hereby **REMANDED FORTHWITH** to the Superior Court of the State of California, County of Los Angeles.

The Clerk shall docket this case closed.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc:        Adam B. Wolfson, Esquire
Quinn Emanuel Urquhart Oliver & Hedges, LLP
51 Madison Avenue
New York , NY 10010

Bernard D. Marcus, Esquire
Marcus & Shapira
Email: marcus@marcus-shapira.com

Robert Loigman, Esquire
Quinn Emanuel Urquhart Oliver & Hedges, LLP
Email: robertloigman@quinnemanuel.com

Scott D. Livingston, Esquire
Marcus & Shapira
Email: livingston@marcus-shapira.com

Stephen Broome, Esquire
Quinn Emanuel Urquhart Oliver & Hedges, LLP
Email: stephenbroome@quinnemanuel.com

Arthur H. Stroyd , Jr., Equire
Del Sole Cavanaugh Stroyd LLC
Email: astroyd@dscslaw.com

Heyward H. Bouknight, Esquire
Robinson Bradshaw & Hinson
Email: hbouknight@rbh.com

Katherine G. Maynard, Esquire
Robinson Bradshaw & Hinson
Email: kmaynard@rbh.com

Robert L Dell Angelo, Esquire
Munger Tolles & Olson LLP
Email: robert.dellangelo@mto.com

Robert W. Fuller, Esquire
Robinson Bradshaw & Hinson
Email: rfuller@rbh.com

Matthew T. Logue, Esquire
Del Sole Cavanaugh Stroyd LLC
Email: matt@mattlogue.com

Barbara A. Scheib, Esquire
Cohen & Grigsby, P.C.
Email: bscheib@cohenlaw.com

Emily Nicklin, Esquire
Kirkland & Ellis LLP
Email: enicklin@kirkland.com

Gabor Balassa, Esquire
Kirkland & Ellis LLP
Email: gbalassa@kirkland.com

Richard R. Nelson , II , Esquire
Cohen & Grigsby, P.C.
Email: rnelson@cohenlaw.com

Cary B. Samowitz, Esquire
DLA Piper LLP (US)
Email: cary.samowitz@dlapiper.com

Jayne A. Risk, Esquire
DLA Piper Rudnick Gray Cary
Email: jayne.risk@dlapiper.com

Michael S. Poulos, Esquire
DLA Piper LLP (US)
Email: michael.poulos@dlapiper.com